**Ex parte William Howard PHARR.**

**No. 71966**

Court of Criminal Appeals of Texas, En Banc.

April 5, 1995.

Rehearing Denied May 10, 1995.

---

Appellant, pro se.

Michael R. Little, Dist. Atty., Anahuac, Robert Huttash, State's Atty., Austin, for State.

## OPINION

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to the provisions of Article 11.07, V.A.C.C.P. Applicant was convicted of two capital murders. Pursuant to a plea agreement, punishment was assessed at life imprisonment in each cause, to be served consecutively. No appeal was taken.

Applicant contends that the trial court improperly cumulated the sentences in these causes because they arose out of the same criminal episode and were prosecuted in the same criminal action. See V.T.C.A., Penal Code, Section 3.03; *LaPorte v. State,* 840 S.W.2d 412 (Tex.Cr.App.1992). The trial court found that applicant was not tried in a single criminal action. We agree.

The Texas Legislature intended a "single criminal action" to refer to a single trial or plea proceeding. *LaPorte,* 840 S.W.2d at 414. A defendant is prosecuted in a "single criminal action" when allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceedings. *LaPorte,* 840 S.W.2d at 415.

Here, the statement of facts shows that in cause number 7760 applicant pleaded guilty, was admonished, was found guilty, and was sentenced. Immediately thereafter, in cause number 7761 applicant pleaded guilty, was admonished, was found guilty, and was sentenced. The record supports the trial court's finding that applicant was not tried in a single criminal action. The cumulation order did not violate Section 3.03.

The relief sought by applicant is denied.