IN THE
TENTH COURT OF APPEALS
 

No. 10-00-010-CR
No. 10-00-410-CR
No. 10-00-411-CR
No. 10-00-412-CR
No. 10-00-413-CR
No. 10-00-414-CR
No. 10-00-415-CR

Â Â Â Â Â JASON LEE DICKINSON,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 66th District Court
Hill County, Texas
Trial Court Nos. 30,285; 30,286;
30,287; 30,291; 30,332; 30,333; 30,334
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Jason Lee Dickinson was charged with seven offenses, three offenses of deadly conduct and
four offenses of aggravated assault. He pled guilty and received deferred adjudication for six of
the offenses and was sentenced to boot camp for one offense. No appeal was taken from those
decisions by the trial court. Later, Dickinson was placed on community supervision for the boot
camp offense. Four years after his initial plea, Dickinson pled true to violations of his community
supervision. He was adjudicated and sentenced in the six deferred offenses and revoked and
sentenced in the one boot camp/community supervision offense. He received a total of 60 years
in prison. Dickinson now appeals each of those seven sentences. We affirm.
Consecutive Sentences
Â Â Â Â Â Â On appeal, Dickinsonâs only issue is that the trial court improperly ordered his sentences to
run consecutively or âstacked.â He contends that the offenses arose out of the same criminal
episode and were prosecuted in a single criminal action. Thus, he contends section 3.03 of the
Texas Penal Code controls, and the sentences should run concurrently.
Â Â Â Â Â Â Section 3.03(a) provides:
When the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, a sentence for each offense for
which he has been found guilty shall be pronounced. . . . [T]he sentences shall run
concurrently.

Tex. Pen. Code Ann. Â§ 3.03(a) (Vernon Supp. 2001). 
Â Â Â Â Â Â The crux of the dispute is whether the seven offenses were prosecuted in a single criminal
action. A defendant is prosecuted in a âsingle criminal actionâ when allegations and evidence of
more than one offense arising out of the same criminal episode are presented in a single trial or
plea proceeding. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); La Porte v.
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). When deciding what constitutes a single
criminal action, we look to the trial itself or to the proceeding where the defendantâs guilt is
adjudicated and sentence is pronounced. Rollins v. State, 994 S.W.2d 429, 433 (Tex.
App.âBeaumont 1999, no pet.).
Â Â Â Â Â Â The State relies on McJunkins v. State to argue that Dickinson waived his right to concurrent
sentences because he pled guilty and was sentenced in accordance with a plea agreement. See
McJunkins v. State, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997). However, the record before us
does not indicate the parties ever agreed to a plea bargain. McJunkins does not apply.
Â Â Â Â Â Â Dickinson argues that in 1995 when he was initially given deferred adjudication and boot
camp, all seven causes were called and heard together in an intertwined manner. However, the
trial court found guilt and pronounced sentence in only one cause. In that cause, Dickinson was
sentenced to ten years in prison and given boot camp. His guilt was not determined at that time
on any of the six other offenses. Thus, the prison sentence could not have been stacked with any
other sentence at that time. In 1999, when the State requested adjudication on six offenses and
revocation on the seventh, it is clear from the record that each cause was pled and heard
separately. While each cause was dealt with on the same date, the trial court heard one case at a
time. When necessary, the court recessed a case before proceeding with the next case. 
Conclusion
Â Â Â Â Â Â We hold the seven causes were not prosecuted in a single criminal action, and section 3.03
does not apply. The sentences were correctly stacked. Dickinsonâs issue is overruled, and the
trial courtâs judgments are affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice
Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed 
Opinion delivered and filed July 18, 2001
Do not publish



for rehearing was timely filed to which a response was not
requested until five months after the disposition of the case.  I am extraordinarily reluctant to withdraw an
opinion and judgment of this Court when I have been provided nothing upon which
to base that decision.Â  By this, I do not
mean that we have not received argument in a motion for rehearing, but rather
that we normally do not withdraw an opinion without simultaneously substituting
another opinion in its place.

Â Â Â Â Â Â Â Â Â  I
see no reason to withdraw an opinion unless and until we have decided, drafted,
and are ready to issue such an opinion, I believe it is ill-advised to withdraw
a previously issued opinion which garnered support from a majority of the
justices on the court.

Â Â Â Â Â Â Â Â Â  Accordingly,
I dissent from the Order Granting Rehearing which results in the withdrawal of
the opinion and judgment of this Court dated October 13, 2004.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  TOM
GRAY

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Dissenting opinion delivered
and filed April 27, 2005