In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-05-192 CR


NO. 09-05-193 CR


NO. 09-05-194 CR


______________________


 

JOHN WESLEY SMITH, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


 Jefferson County, Texas 


Trial Cause Nos. 87259, 87260, and 87335






MEMORANDUM OPINION


 John Wesley Smith pled guilty, pursuant to a plea bargain, to three separate
indictments for forgery. The plea bargains in each case provided for deferred adjudication,
concurrent running of the deferred adjudications, and restitution; the plea agreements did not
contain any provisions pertaining to any later revocation. The trial judge stated that he was
following the plea agreement and placed Smith on deferred adjudication community
supervision for five years in each case. Subsequently, the State filed motions to adjudicate
alleging Smith violated the terms of each community supervision order. The trial judge
adjudicated him guilty of each offense and sentenced him to eighteen months in a state jail
facility - the sentences to run consecutively. Smith appeals. 

 In issues one, two, four, five, and six, Smith argues that the trial court failed to abide
by the plea bargain for concurrent sentences, erroneously cumulated the sentences in his three
forgery convictions, entered an unauthorized sentence, and violated the "Double Jeopardy
Clause and collateral estoppel." Smith asserts that by accepting the plea bargains at the
guilty plea hearing, the trial court was required to stay within the terms of the plea
agreements, should his community supervision be revoked. He infers he had begun serving
his sentence prior to adjudication of guilt. 

 In ordering concurrently-running deferred adjudications, the trial court abided by the
plea agreement and did not violate Smith's due process rights. Moreover, the Court of
Criminal Appeals has held that upon violation of the deferred adjudication community
supervision order, the trial judge has no further obligation to comply with the plea bargain,
since the bargain has already been satisfied by the judge's initial sentencing. (1) Ex parte
Huskins, 176 S.W.3d 818, 819 (Tex. Crim. App. 2005)(citing Ditto v. State, 988 S.W.2d 236,
239 (Tex. Crim. App. 1999)); see also Hargesheimer v. State, 182 S.W.3d 906, 913 (Tex.
Crim. App. 2006) (plea bargain complete when defendant enters his guilty plea in exchange
for deferred adjudication). Even if the parties themselves had agreed upon a sentence in the
event of the adjudication of defendant's guilt, the trial court at the adjudication of guilt is not
bound by the rules that apply to a plea bargain at an original sentencing. Ex parte Huskins,
176 S.W.3d at 819; see also Hargesheimer, 182 S.W.3d at 911-13 n4. Once the trial court
proceeds to adjudication, "'it is restricted in the sentence it imposes only by the relevant
statutory limits.'" Huskins, 176 S.W.3d at 819 (quoting Von Schounmacher v. State, 5
S.W.3d 221, 223 (Tex. Crim. App. 1999)). After adjudicating Smith guilty of each offense,
the trial court sentenced him within the statutory range allowable for the offense. See Tex.
Pen. Code Ann. § 32.21(a),(d) (Vernon Supp. 2006); Tex. Pen. Code Ann. § 12.35 (Vernon
2003). There was no defect in the sentence. (2) Issues one, two, four, five, and six are
overruled. 

 In issue three Smith argues the sentences should not have been "stacked," because the
three offenses were all part of the same criminal episode and were prosecuted in a single
criminal action. Section 3.03 of the Texas Penal Code provides as follows:

 § 3.03. Sentences for Offenses Arising Out of Same Criminal Episode

 (a) When the accused is found guilty of more than one offense arising out of
the same criminal episode prosecuted in a single criminal action, a sentence for
each offense for which he has been found guilty shall be pronounced. Except
as provided by Subsection (b), the sentences shall run concurrently. 


Tex. Pen. Code Ann. § 3.03(a) (Vernon Supp. 2006). A defendant is "prosecuted in a single
criminal action" whenever allegations and evidence of more than one offense arising out of
the same criminal episode are presented in a single trial or plea proceeding. LaPorte v. State,
840 S.W.2d 412, 414 (Tex. Crim. App. 1992). Here, the offenses were not prosecuted in a
single criminal action; consequently, there is no requirement that the sentences run
concurrently. At the guilty plea hearing, the hearing deferring adjudication of guilt, the
revocation hearing, and the sentencing hearing following adjudication of guilt, the trial court
called each case separately and dealt with case individually prior to calling the next case. 
The cases were not consolidated at any of the three hearings and the proceedings cannot be
characterized as a single criminal action under section 3.03. See Ex parte Pharr, 897 S.W.2d
795 (Tex. Crim. App. 1995); see also Robbins v. State, 914 S.W.2d 582, 583-84 (Tex. Crim.
App. 1996). Under art. 42.08, the trial court had the discretion to order concurrent or
consecutive sentences. Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2006). The
trial court did not err in ordering the sentences to run consecutively. We overrule issue three. 
 

 The judgments in Cause Nos. 09-05-192CR, 09-05-193CR, 09-05-194CR are
affirmed.

 AFFIRMED. 


 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on October 6, 2006

Opinion Delivered November 22, 2006

Do Not Publish 


Before McKeithen, C.J., Gaultney and Kreger, J.J.
1. Smith asserts that the provisions for concurrent sentences induced him to enter into
the plea bargain, and when the trial court did not abide by the agreement, his plea was
rendered involuntary. The trial judge followed the plea bargain. The fact that Smith later
violated the community supervision orders and was given consecutive sentences upon
adjudication of guilt bears no relation to the plea bargain Smith entered into prior to the
original guilty plea hearing. 
2. At the hearing following adjudication of guilt, the trial judge sentenced Smith to
eighteen months in jail for each case. Smith urged the trial judge to order concurrent
sentences. He did not object that the trial judge was prohibited from ordering consecutive
sentences. Regardless, it was within the trial court's discretion to order cumulative or
consecutive sentences. See Tex. Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2006).