IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,742-01 & WR-67,742-02






EX PARTE JOHNATHAN W. FELTENSTEIN, Applicant








ON APPLICATION FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 1997-766-C2A & 1997-767-C2A 


IN THE 54TH JUDICIAL DISTRICT COURT 

FROM MCLENNAN COUNTY




 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty two indictments, one containing one
count of aggravated sexual assault of a child and one count of indecency with a child, and the other
containing three counts of indecency with a child. Applicant was sentenced to nine years' imprisonment
for each count of each indictment. The sentences for all counts of each indictment were ordered to run
concurrently with the other counts in that indictment, with the sentences in cause no. 1997-767-C2A to
run consecutively with the sentences in cause no. 1997-766-C2A. Appeal was waived in both causes.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because he
failed to object to the trial court's order stacking the sentences in the two indictments, or to request
withdrawal of the plea. Because the indictments alleged that all of the offenses occurred before September
1, 1997, the governing statute did not allow the stacking of sentences for offenses (other than intoxication
manslaughter) arising from the same criminal episode if they were prosecuted in a single criminal action. 
Tex. Pen. Code § 3.03 (1996). 

 Counsel has submitted an affidavit, in which he states that he informed Applicant prior to the entry
of the plea of the possibility that the court could order the sentences to be served consecutively. However,
it is not clear from the record whether Applicant's pleas were entered in a single proceeding, or separate
proceedings. If the pleas were entered together, and Applicant was sentenced in a consolidated
proceeding, then the trial court did not have the discretion to stack the sentences, and counsel should have
objected to the stacking order. Compare Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App.
1995), with Robbins v. State, 914 S.W.2d 582, 583 (Tex. Crim. App. 1996).

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court shall
provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the habeas record with a transcript of the plea proceedings. The
trial court shall make findings of fact as to whether the pleas in these two causes were entered in a single
criminal action, or in two separate criminal actions. If the trial court finds that the pleas were entered in a
single criminal action, then the court shall make findings as to whether the performance of Applicant's trial
attorney was deficient in failing to object to the stacking of the sentences, and, if so, whether counsel's
deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas
corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 




Filed: August 22, 2007

Do not publish