In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-00469-CR


____________________



AHMAD JAMAL ACROND a/k/a AHMAD JAMAL ACHROND, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause No. 97589





 

MEMORANDUM OPINION


 Pursuant to a plea bargain agreement, appellant Ahmad Jamal Acrond a/k/a Ahmad
Jamal Achrond pled guilty to assault on a family member in trial cause number 97589. The
trial court found the evidence sufficient to find Acrond guilty, but deferred further
proceedings, placed Acrond on community supervision for five years, and assessed a fine of
$500. The State subsequently filed a motion to revoke Acrond's unadjudicated community
supervision. Acrond pled "true" to five violations of the conditions of his community
supervision. The trial court found that Acrond violated the conditions of his community
supervision, found Acrond guilty of assault on a family member, and assessed punishment
at twenty years of confinement. The trial court ordered that Acrond's sentence was to run
consecutively to his sentence in another case (trial cause number 97334) in which Acrond
pled guilty to assault on a family member and was adjudicated guilty following revocation
of his community supervision. (1) In his sole appellate issue, Acrond argues that this case was
prosecuted in a single criminal action with cause number 97334, and that because both cases
arose from a single criminal episode, the trial court was prohibited from ordering his sentence
to run consecutively to his sentence in cause number 97334. See Tex. Pen. Code
Ann. § 3.03 (Vernon Supp. 2008). We affirm the trial court's judgment.

 Section 42.08 of the Code of Criminal Procedure grants the trial court authority to
order sentences to run consecutively or concurrently. See Tex. Code Crim. Proc. Ann. art.
42.08 (Vernon 2006). However, the trial court's discretion is limited by section 3.03 of the
Penal Code, which provides: "When the accused is found guilty of more than one offense
arising out of the same criminal episode prosecuted in a single criminal action, a sentence
for each offense for which he has been found guilty shall be pronounced. Except as provided
by Subsection (b), (2) the sentences shall run concurrently." Tex. Pen. Code Ann. § 3.03(a) 
(emphasis added).

 The Court of Criminal Appeals has explained that "a defendant is prosecuted in 'a
single criminal action' whenever allegations and evidence of more than one offense arising
out of the same criminal episode . . . are presented in a single trial or plea proceeding,
whether pursuant to one charging instrument or several, and the provisions of Section 3.03
then apply." LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). However, the
Court of Criminal Appeals has also held that guilty pleas which follow one another do not
constitute a single criminal action. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App.
1995).

 In the case at bar, at the guilty plea hearing, the hearing deferring adjudication of guilt,
and the hearing at which the trial court revoked Acrond's community supervision,
adjudicated him guilty, and pronounced sentence, the trial court called each case separately
and dealt with each one individually before calling the next case. The cases bore separate
cause numbers and were not consolidated.

 During the hearing at which the trial court revoked Acrond's community supervision,
adjudicated him guilty, and assessed punishment, the trial court called cause number 97334
first. After Acrond pled "true" to five violations of the terms of his community supervision
in that case, the trial court accepted his pleas of true and then called cause number 97589. 
The trial court accepted Acrond's pleas of "true" to five violations of the terms of his
community supervision. The trial court then asked Acrond's counsel whether he had "any
comments[.]" Counsel then proceeded to argue concerning matters that apparently pertained
to both cases, and the trial judge asked a few questions of Acrond, but did not specify to
which case his questions referred. The trial court then stated that in cause number 97334, it
found the evidence sufficient to find five counts in the motion to revoke true, revoked
Acrond's community supervision, and assessed punishment at ten years of confinement. The
trial court then asked, "In Cause No. 97589, any additional comments?" Counsel responded,
"Same as before, Your Honor, ask the Court to consider running any time that the Court
might give him on this case concurrent with his original case, please." The trial court next
stated that in cause no. 97589, it found the evidence to be sufficient to find five counts in the
motion to revoke true, revoked Acrond's community supervision, assessed punishment at
twenty years of confinement, and ordered that the sentence would "run consecutive to Cause
No. 97334."

 Trial counsel's argument during the revocation hearing that apparently pertained to
both cases, as well as the trial judge's somewhat ambiguous questioning of Acrond after he
had called the first case, do not change the fact that the trial court called each case separately
and adjudicated the first case before proceeding with the second. Because cause numbers
97334 and 97589 were not prosecuted in a single criminal action, we hold that the trial court
did not err by ordering Acrond's sentence in cause number 97589 to run consecutive to his
sentence in cause number 97334. See Tex. Pen. Code Ann. § 3.03; Ex parte Pharr, 897
S.W.2d at 796. Accordingly, we overrule Acrond's sole issue and affirm the trial court's
judgment.

 AFFIRMED.

 

 STEVE McKEITHEN

 Chief Justice

 

Submitted on August 6, 2009

Opinion Delivered August 26, 2009

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Acrond also appealed his conviction in trial cause number 97334, and we address
that appeal (No. 09-08-00468-CR) in a separate opinion. 
2. Subsection (b) is not applicable to the instant case. See Tex. Pen. Code Ann.
§ 3.03(b).