# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00109-CR
NO. 03-17-00110-CR
NO. 03-17-00111-CR

**Eric Weems Rogers, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NOS. 71357, 71358, & 69478, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Eric Weems Rogers was charged with two counts of assault of a public servant, *see* Tex. Penal Code § 22.01(a) (setting out elements of offense of assault), (b) (elevating offense level if victim is public servant and if offense occurs while "the public servant is lawfully discharging an official duty, or in retaliation or on account of an exercise of official power or performance of an official duty as a public servant"), and with one count of aggravated assault with a deadly weapon, *see id.* § 22.02 (providing that person commits offense of aggravated assault if he commits assault and "uses or exhibits a deadly weapon during the commission of the assault"). Under the terms of a plea-bargain agreement, the State agreed to recommend that Rogers's adjudication of guilt be deferred and that he be placed on community supervision for seven years in exchange for Rogers agreeing to plead guilty to the offense of aggravated assault with a deadly weapon and to plead

nolo contendere to the two offenses of assault on a public servant. *See* Tex. Code Crim. Proc. art. 27.02(5) (explaining that plea of nolo contendere has same legal effect as guilty plea). In its orders deferring adjudication of guilt for the three offenses, the district court ordered Rogers to pay court costs for each offense. Nothing in the record before this Court indicates that Rogers challenged the imposition of those court costs.

A few years later, the State filed motions to revoke Rogers's community supervision and to adjudicate his guilt in all three offenses. The motions alleged multiple violations of the conditions of Rogers's community supervision. After considering the evidence presented by the parties, the district court determined that several of the allegations were true, found Rogers guilty of all three offenses, and sentenced Rogers to six years' imprisonment for each offense. *See* Tex. Penal Code §§ 22.01(b) (providing that assault of public servant is third-degree felony),.02(b) (stating that, in general, aggravated assault is second-degree felony); *see also id.* §§ 12.33-.34 (setting out permissible punishment ranges for second-degree and third-degree felonies). In its judgments adjudicating guilt, the district court imposed $422 in court costs for both of the assault-of-a-public-servant offenses and $562 in court costs for the aggravated-assault offense. The bill of costs accompanying each judgment sets out that the amount assessed in court costs included court costs that were previously imposed when his adjudication of guilt was deferred but had not yet been paid and included additional court costs incurred during the proceedings adjudicating his guilt. In addition, the bill of costs shows that the same fees were assessed in the assault convictions and that those same fees along with some additional ones were imposed in the aggravated-assault conviction. Following the district court rendering its judgments, Rogers filed a notice of appeal for each conviction.

2

Rogers's court-appointed attorney has filed motions to withdraw supported by briefs concluding that the appeals are frivolous and without merit. Counsel's briefs meet the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). Rogers's counsel has represented to the Court that he provided copies of the motions and briefs to Rogers; advised Rogers of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided Rogers with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Rogers subsequently filed a pro se brief. We have independently reviewed the record and Rogers's pro se brief and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the appeal is frivolous and without merit.

Although Rogers's appointed counsel stated that there are no grounds requiring reversal of the convictions, his counsel does assert that there are errors in the judgments requiring modification. Specifically, Rogers's counsel argues that the district court erred by imposing court costs in all three convictions and urges this Court to reform the judgments for the assault-of-a-public-servant convictions "to delete the costs in those two cases."

3

The payment of court costs is mandated by the legislature. *Houston v. State*, 410 S.W.3d 475, 477 (Tex. App.—Fort Worth 2013, no pet.); *see also* Tex. Code Crim. Proc. arts. 42.15(a) (applying to judgments that impose fines and requiring defendant to pay fine as well as "costs to the state"), .16 (requiring payment of costs when "punishment is any other than a fine"). However, a defendant may only be obligated to pay court costs that are statutorily authorized. *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014). Because court costs do not need to be incorporated into a judgment by reference or orally pronounced, defendants may challenge the imposition of court costs for the first time on appeal. *Id.* at 389, 391.

Although court costs are authorized by the legislature, the legislature also explained in article 102.073 of the Code of Criminal Procedure that if "a defendant is convicted of two or more offenses or of multiple counts of the same offense" "[i]n a single criminal action," "the court may assess each court cost or fee only once against the defendant." Tex. Code Crim. Proc. art. 102.073(a); *see also Williams v. State*, 495 S.W.3d 583, 589 (Tex. App.—Houston [1st Dist.] 2016, pet. dism'd) (explaining that defendant may challenge on appeal "basis for assessing costs three times when, under article 102.073(a), the costs should have only been assessed once"). The Code of Criminal Procedure does not define the phrase "a single criminal action," but two of our sister courts of appeals have recently determined that the legislature's intention in using that phrase in article 102.073 was for "the phrase to be interpreted as 'allegations and evidence of more than one offense . . . [which] are presented in a single trial or plea proceeding.'" *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.) (alteration in *Hurlburt*) (quoting *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); *see Vega v. State*, No. 08-16-00057-CR,

4

2017 WL 1511336, at *1 (Tex. App.—El Paso Apr. 26, 2017, no pet.) (not designated for publication) (agreeing with construction made by court in *Hurlburt*).

As set out above, the State filed a motion to revoke Rogers's community supervision and adjudicate his guilt in each of the offenses. The motions regarding the assault convictions alleged the same violations, and the motion pertaining to the aggravated assault alleged some of the same violations but also include some additional ones as well. During the hearing, Rogers entered his pleas of not true to all of the allegations at the beginning of the hearing, and Rogers and the State called their witnesses to the stand to testify regarding all of the alleged violations during the same proceeding. After considering all of the evidence that had been presented, the district court found that many of the alleged violations in all three cases were true and later adjudicated Rogers's guilt and assessed his punishment in all three offenses at the same time.

"Thus, because allegations and evidence of more than one offense were presented in a single trial or plea proceeding, the trial court erred in assessing costs in each conviction." *See Hurlburt*, 506 S.W.3d at 203-04. Although the district court erred by assessing new court costs for each conviction, as set out above, the court costs imposed in each conviction included not only the new court costs associated with the adjudication proceedings but also the court costs imposed when Rogers's adjudication of guilt in the three offenses was deferred that had not been paid. *See Diaz v. State*, No. 03-15-00539-CR, 2016 WL 1084398, at *7 n.5 (Tex. App.—Austin Mar. 17, 2016, no pet.) (mem. op., not designated for publication) (explaining that article 102.073 does not prohibit "trial courts from imposing court costs when a deferred-adjudication order is issued and then later imposing additional court costs if the court adjudicates the defendant's guilt after determining that

5

the defendant violated the conditions of his community supervision" because court costs assessed when adjudication is deferred are distinguishable from costs imposed in separate and later proceeding adjudicating guilt). Moreover, Rogers "is procedurally barred from" challenging the imposition of court costs originating from when his adjudication was deferred because he did not appeal the assessment of those costs. *See Weatherspoon v. State*, No. 03-15-00236-CR, 2016 WL 286384, at *2 (Tex. App.—Austin Jan. 22, 2016, no pet.) (mem. op., not designated for publication); *see Perez v. State*, 424 S.W.3d 81, 86 (Tex. Crim. App. 2014) (explaining that failure to file timely appeal of assessment of costs in deferred-adjudication order forfeits "any appellate complaint" regarding those costs).

In light of the preceding, the judgments adjudicating Rogers's guilt for assault of a public servant need to be modified to delete the fees assessed for the costs incurred during the adjudication proceeding that were similarly assessed in the aggravated-assault conviction. *See* Tex. R. App. P.43.2(b) (allowing court of appeals to "modify the trial court's judgment and affirm it as modified"); *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013) (stating that when trial court improperly included fees in assessed court costs, proper remedy was to reform judgment to delete improper fees). The record indicates that for the two assault-of-a-public-servant convictions, the district court assessed $422 in court costs, including $116 that had previously been imposed at the time that Rogers's adjudication of guilt was deferred but had not been paid. Accordingly, we modify those judgments to reduce the amount of court costs assessed under each judgment by $306. *See Perez*, 424 S.W.3d at 86 (determining that appellate court "had jurisdiction to address only $37 of appellant's challenge to the assessment of $240 in court costs" in judgment adjudicating guilt

because remainder of court costs stemmed from court costs imposed in order deferring adjudication that were not challenged on appeal and that had not been paid).

For all of the reasons previously given, we grant counsel's motion to withdraw, affirm the judgment adjudicating guilt in cause number 69478, modify the judgments adjudicating guilt in cause numbers 71357 and 71358 to reduce the amount of court costs assessed under each judgment by $306, and affirm those judgments as modified.[1]

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Goodwin

69478 Affirmed

71357 Modified and, as Modified, Affirmed

71358 Modified and, as Modified, Affirmed

Filed:   July 19, 2017

Do Not Publish

_____

[1] No substitute counsel will be appointed.  Should Rogers wish to seek further review of his case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  *See generally* Tex. R. App. P. 68-79 (governing proceedings in Texas Court of Criminal Appeals).  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that this Court overrules the last timely motion for rehearing filed.  *See id.* R. 68.2.  The petition must be filed with the clerk of the Court of Criminal Appeals.  *See id.* R. 68.3(a).  If the petition is mistakenly filed with this Court, it will be forwarded to the Court of Criminal Appeals.  *See id.* R. 68.3(b).  Any petition for discretionary review should comply with the rules of appellate procedure.  *See id.* R. 68.4.  Once this Court receives notice that a petition has been filed, the filings in this case will be forwarded to the Texas Court of Criminal Appeals.  *See id.* R. 68.7.

7