

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00039-CR
### NO. 02-18-00040-CR

VINCENT GAGE SANTORO                                          APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1450354D, 1453777D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Vincent Gage Santoro pled guilty to theft and aggravated robbery, and the trial court convicted him of those two offenses, sentenced him, and assessed court costs in each case. Appellant does not challenge either conviction or sentence, but in one point, he contends that the trial court erred by

---

[1]*See* Tex. R. App. P. 47.4.

assessing court costs for both offenses because they were tried together in a single proceeding. The State agrees. We affirm the trial court's judgment in the aggravated robbery case (No. 02-18-00040-CR), and we modify the trial court's judgment in the theft case (No. 02-18-00039-CR) to delete court costs and affirm that judgment as modified.

## I. BRIEF FACTS

Upon Appellant's open guilty pleas to aggravated robbery and theft, charged in separate indictments, the trial court ordered a single presentence investigation report and later held a single punishment trial on both offenses. Afterward, the trial court convicted Appellant of the two offenses and sentenced him to eight years' confinement in prison for the aggravated robbery conviction and to two years' confinement in state jail for the theft conviction. The trial court assessed $289 in court costs in each case.

## II. DISCUSSION

In his sole point, Appellant contends that the trial court erred by assessing duplicate court costs.

**A. A Trial Court Can Assess Only One Set of Court Costs Against a Defendant Convicted of Multiple Offenses or Counts "in a Single Criminal Action."**

Article 102.073 of the Texas Code of Criminal Procedure provides:

(a) In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant.

2

(b) In a criminal action described by Subsection (a), each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions.

Tex. Code Crim. Proc. Ann. art. 102.073 (West 2018). The statute does not define "in a single criminal action." *See id.*

In 1995, the Texas Court of Criminal Appeals defined the term as it was used in a different statute. *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995). The court held, "A defendant is prosecuted in a single criminal action when allegations and evidence of more than one offense *arising out of the same criminal episode* are presented in a single trial or plea proceedings." *Id.* (emphasis added) (citation and internal quotation marks omitted). The *Pharr* court was defining what "in a single criminal action" meant for section 3.03 of the Texas Penal Code, *id.*, which includes the "criminal episode" language emphasized above, Tex. Penal Code Ann. § 3.03 (West Supp. 2017).

Because article 102.073 does not mention a criminal episode, for that statute's interpretation, our sister court in Waco has modified the *Pharr* definition for "in a single criminal action" to refer to when "allegations and evidence of more than one offense . . . are presented in a single trial or plea proceeding." *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.). Several of our sister courts have followed *Hurlburt* in both applying the modified definition and deleting duplicate court costs for multiple offenses tried together, regardless of whether the offenses were completed in the same criminal episode. *See Derese*

3

*v. State*, Nos. 09-17-00100-CR, 09-17-00101-CR, 2017 WL 5180064, at *2 (Tex. App.—Beaumont Nov. 8, 2017, pet. ref'd) (mem. op., not designated for publication) (deleting court costs for evading-arrest-or-detention conviction when that case was tried along with a robbery and court costs were assessed for the robbery conviction); *Valdez v. State*, Nos. 03-16-00811-CR, 03-16-00812-CR, 2017 WL 4478233, at *3–4 (Tex. App.—Austin Oct. 6, 2017, no pet.) (mem. op., not designated for publication) (deleting court costs for conviction for unlawful possession of a firearm by a felon when that case was tried along with possession of a controlled substance and court costs were assessed for the possession conviction); *Wells v. State*, Nos. 12-17-00003-CR, 12-17-00004-CR, 2017 WL 3405317, at *3–4 (Tex. App.—Tyler Aug. 9, 2017, no pet.) (mem. op., not designated for publication) (deleting court costs for robbery conviction when court costs were assessed for aggravated robbery conviction tried in same proceeding); *Vega v. State*, No. 08-16-00057-CR, 2017 WL 1511336, at *1–2 (Tex. App.—El Paso Apr. 26, 2017, no pet.) (not designated for publication) (deleting court costs assessed for four convictions of aggravated sexual assault of a child when five counts were tried together, defendant was convicted of all five, and court costs were assessed in all five). We agree with the *Hurlburt* court (and our other sister courts who have followed it) that "in a single criminal action" refers to those occasions when "allegations and evidence of more than one offense . . . are presented in a single trial or plea proceeding." *Hurlburt*, 506 S.W.3d at 203.

4

**B.     The Trial Court Erred by Assessing Court Costs for Both Offenses**.

There is no dispute that the trial court tried the theft and aggravated robbery offenses together in one proceeding but assessed court costs against Appellant for both offenses.  We therefore agree with the parties that the trial court erred by assessing duplicate court costs.  *See id.*; *see also* Tex. Code Crim. Proc. Ann. art. 102.073(a).  We sustain Appellant's sole point.

**C.     We Delete the Court Costs Assessed for the Lower-Category Conviction.**

Appellant seeks modification of the trial court's judgment in the theft case to delete the court costs, and the State agrees.  We hold that this is the correct remedy.

When a trial court erroneously assesses court costs for multiple convictions tried in a single proceeding, we retain the court costs for the offense of the highest category.  Tex. Code Crim. Proc. Ann. art. 102.073(b); *Valdez*, 2017 WL 4478233, at *4, *6 (retaining the court costs assessed for the second-degree possession conviction but deleting the costs assessed for the third-degree conviction of unlawful possession of a firearm by a felon).  The trial court here erroneously assessed court costs of $289 for each of Appellant's convictions.  Aggravated robbery is a first-degree felony.  Tex. Penal Code Ann. § 29.03(b) (West 2011).  Theft of property worth less than $2,500 with two prior theft convictions is a state jail felony.  *Id.* § 31.03(e)(4)(D) (West Supp. 2017).

5

We therefore modify the trial court's judgment to delete the assessed court costs in the theft case.

## III. CONCLUSION

Having sustained Appellant's sole point, we modify the trial court's judgment to delete the court costs assessed for the theft conviction, affirm that judgment as modified, and affirm the trial court's judgment in the aggravated robbery case.

/s/ Mark T. Pittman
MARK T. PITTMAN
JUSTICE

PANEL: SUDDERTH, C.J.; PITTMAN and BIRDWELL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 28, 2018