

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-17-00184-CR

---

MIRANDA RENEA KELSO, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 40th District Court
Ellis County, Texas
Trial Court No. 41162CR

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Miranda Renea Kelso appeals from her conviction by a jury of indecency with a child by exposure and her resulting sentence of two years' imprisonment.[1]  In companion cause number 06-17-000183-CR, she also appeals from a conviction of indecency with a child by contact.

Kelso has filed a single brief raising six issues common to all of her appeals, including whether the trial court erroneously (1) rejected her request to include an Article 38.23 instruction in the jury charge, (2) rejected her request to instruct the jury on the defenses of duress and necessity, (3) denied her an Article 38.23 hearing, (4) denied her motion to suppress video recordings depicting the offense, (5) admitted communications over objections of spousal privilege and relevance, and (6) excluded evidence demonstrating that a witness had bias and a motive to testify against her.  We addressed these issues in detail in our opinion of this date on Kelso's appeal in cause number 06-17-00183-CR.  For the reasons stated therein, we likewise overrule these points of error here.

However, Kelso has raised a seventh point of error pertinent only to this appeal.  The judgment in this case and in companion cause number 06-17-00183-CR both ordered Kelso to pay $413.00 in court costs.  Because both cases were tried together, Kelso argues that the imposition of court costs in both cases violated Article 102.073 of the Texas Code of Criminal Procedure, which provides, "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only

---

[1]Originally appealed to the Tenth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We follow the precedent of the Tenth Court of Appeals in deciding this case.  *See* TEX. R. APP. P. 41.3.

once against the defendant." TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2018).  The State concedes the error.

The statute does not define the phrase "a single criminal action," but the Waco Court of Appeals has determined that "the phrase [is] to be interpreted as 'allegations and evidence of more than one offense . . . [which] are presented in a single trial or plea proceeding.'" *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.) (quoting *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995)).  Therefore, since the "allegations and evidence of more than one offense were presented in a single trial or plea proceeding," Waco precedent requires the conclusion that "the trial court erred in assessing costs in each conviction." *Id.* at 203–04 (citing TEX. CODE CRIM. PROC. ANN. art. 102.073(a) (West 2006)).

The Texas Code of Criminal Procedure further indicates that the costs should be assessed in the case containing the "highest category of offense."  TEX. CODE CRIM. PROC. ANN. art. 102.073(b) (West 2018).  Because the offense in this case was a third-degree felony, and the offense in companion case number 06-17-00183-CR was a second-degree felony, we must delete the court costs assessed in this case.  We sustain Kelso's seventh point of error.

We modify the trial court's judgment by deleting the assessment of court costs in this case only.  As modified, we affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:      September 19, 2018
Date Decided:        September 28, 2018

Do Not Publish

3