

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOs. PD-0942-17, PD-0943-17, PD-0944-17, PD-0945-17, PD-0946-17, PD-0947-17

### ANDREY MARTINEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE THIRTEENTH COURT OF APPEALS
### HIDALGO COUNTY

**KEEL, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

Appellant was charged in six indictments with thirteen counts of state jail felony burglary of a building. Tex. Penal Code § 30.02(c)(1). The judge sentenced him to the maximum of two years on each of the six causes, with three of the sentences to run consecutively. The court of appeals reversed the judgments on grounds that Appellant's guilty pleas were involuntary because the trial court incorrectly admonished him that his sentences could be stacked. *Martinez v. State*, No. 13-16-00456-CR, 2017 Tex. App.

LEXIS 7059 (Tex. App.–Corpus Christi July 27, 2017) (mem. op., not designated for publication).

We granted the State Prosecuting Attorney's petition for discretionary review to determine whether a trial court's misstatements about the potential for sentence stacking are enough to render a defendant's plea involuntary without any evidence of what the defendant knew or why he pleaded guilty. Meanwhile, Appellant has abandoned his involuntary plea claim in this Court, and he seeks only the deletion of the improper cumulation orders.

Because the record does not support Appellant's involuntary plea claim we reverse the judgment of the court of appeals and modify the trial court's judgments to delete the improper cumulation orders.

## The Guilty Plea

The prosecution and the defense engaged in lengthy plea negotiations partly captured on the record. Over the course of several hearings before several different judges, the parties discussed possible plea agreements. All of the judges warned that they would stack the sentences or mentioned the possibility of doing so.

At the final hearing Appellant entered an open plea of guilty; he was advised of and waived his rights to a jury trial, to remain silent and to confront the witnesses against him. He stated orally and in writing that his plea was voluntary and that he understood its consequences. His attorney stated his belief that Appellant was aware of the

consequences of his plea and understood the court's admonishments, and the judge found that the plea was voluntary.

Regarding punishment, the judge correctly admonished Appellant as to the range but incorrectly admonished him about the possibility of stacking the sentences:

> It's not a plea bargain case. It's an open case court–open plea to the Court. Then I need to advise you that the range of punishment in a state jail is still the same, six months to two years and up to a $10,000 fine. But because this is a plea to the Court, you have six different cases. I can run all of the cases together at the same time or I can stack all the cases, one upon the other. So if I gave you two years on one, for all practical purposes, you would end up with twelve years in the penitentiary if I decided to stack them; do you understand that?

Appellant answered that he understood and entered guilty pleas to nine counts of burglary of a building.

The trial court erred in admonishing Appellant about cumulative sentencing and in stacking some of the sentences because the offenses were part of the same criminal episode, and Appellant was prosecuted in a single criminal action; under those circumstances his sentences had to run concurrently. *See* Tex. Penal Code §3.03.

## Court of Appeals

On appeal the State agreed with Appellant that his sentences should not have been stacked and asked the court of appeals to modify the trial court's judgments. The court of appeals, however, determined that the case was "more complicated" than that. *Martinez*, 2017 Tex. App. LEXIS 7059 at *19. Instead the court of appeals considered whether Appellant's plea was involuntary because his "decision to plead guilty was taken while he

was under the false impression that, were he to plead not guilty and be convicted at trial, cumulation of sentences would be a lawful option for the trial court." *Id*. at *20. The court of appeals concluded that Appellant's "pleas were involuntary because they were based, at least in part, on the misconception that the trial court could validly order his sentences to run consecutively." *Id*. at *22. Setting aside the guilty pleas as involuntary, the court of appeals reversed the trial court's judgments and remanded the cases for further proceedings. *Id*.

The court of appeals erred in reversing the trial court's judgments because the record does not show that the incorrect admonishment about stacking caused Appellant to plead guilty. The court also erred to speculate that Appellant believed his sentences could have been stacked if he had pleaded not guilty and gone to trial; the record is silent about his belief in that regard. Given the state of the record, we reverse the judgment of the court of appeals.

## Involuntary Plea Claims

An involuntary plea claim requires examination of all the relevant circumstances surrounding the plea. *Brady v. United States*, 397 U.S. 742, 749 (1970); *Ex parte Barnaby*, 475 S.W.3d 316, 323 (Tex. Crim. App. 2015). All of those circumstances will seldom be revealed by the record on direct appeal. *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (involuntary plea claims "may be supported by information from sources broader than the appellate record" when raised in context of motions for new trial

or writs of habeas corpus).

A valid guilty plea depends on an affirmative showing that the plea was entered knowingly and voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Without such a showing the conviction will be reversed unless the reviewing court can say beyond a reasonable doubt that the error did not contribute to the conviction or punishment. *Aguirre-Mata v. State*, 125 S.W.3d 473, 475-76 (Tex. Crim. App. 2003), citing *McCarthy v. United States*, 394 U.S. 459, 465 (1969); Tex. R. App. P. 44.2(a).

In the face of admonishments given under Texas Code of Criminal Procedure Article 26.13, the defendant bears the burden of showing that he was not aware of the consequences of his plea and that he was misled or harmed such that his plea was involuntary. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998) (citing *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985). The burden shifts even if the admonishment is incomplete or incorrect.

> [W]hen the record shows that the trial court gave an admonishment that was incomplete or incorrect, there is a *prima facie* showing of a knowing and voluntary plea of guilty. The burden then shifts to the defendant to show that he entered the plea without understanding the consequences of his action and thus was harmed.

*Gibauitch*, 688 S.W.2d at 871 (citations omitted).

## Analysis

Although the trial judge was mistaken about his authority to stack the sentences, he correctly advised Appellant about the range of punishment and the consequences of his

plea.  Thus, Appellant had to show that he was misled into pleading guilty and harmed by the inaccurate stacking admonishment.  *Martinez*, 981 S.W.2d at 197; *Gibauitch*, 688 S.W.2d at 871.  But the record does not show that the trial court's erroneous admonishment about stacking played any part in Appellant's decision to plead guilty.

The court of appeals considered it significant that Appellant decided to plead guilty while he was under the impression that his sentences could be stacked if he was convicted at trial.  This was speculation because the record does not show what Appellant thought about stacking in the event of a trial.  One exchange between the prosecutor and the trial judge indicates that *they* thought stacking was always permissible, but there is no evidence that Appellant thought so, too.  Furthermore, the possibility of stacking would have existed if the cases had been tried separately.  *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995) (*per curiam*).  Thus, even if the record did show that Appellant had believed his sentences could be stacked after trial, that would not necessarily have been a false belief and without further elaboration would not support an involuntary plea claim.

**Conclusion**

The record does not show that Appellant was misled or harmed by the trial judge's incorrect admonishment, and the court of appeals erred in holding that Appellant's plea was involuntary.  But the trial court's cumulation orders were improper.  We reverse the judgments of the court of appeals and reform the judgments in Cause Numbers CR-1443-

16-I, CR-1485-16-I, and CR-1486-16-I to delete the cumulation orders. *See* Tex. R. App.

P. 78.1(c) (this Court may reverse a lower court's judgment and render the judgment that

the lower court should have rendered.)

Delivered: December 12, 2018
Do Not Publish