**AFFIRMED as MODIFIED and Opinion Filed April 19, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00785-CR
## No. 05-21-00786-CR

**CHRISTOPHER ALLEN JOHNSON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-2056527-Q**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Molberg

Appellant Christopher Johnson appeals his convictions for burglary of a habitation and unauthorized use of a motor vehicle. In this appeal, appellant argues that the trial court erred by assessing duplicative court costs; violated his common law right to allocution; and violated his rights under the penal code by sentencing him to ten years' confinement for burglary of a habitation and fifteen months for unauthorized use of a motor vehicle. For the reasons given below, we will modify the judgment in the unauthorized use of a motor vehicle case to delete court costs and otherwise affirm in this memorandum opinion.

## Background

Appellant was indicted for burglary of a habitation, enhanced by an allegation of a prior robbery conviction, and for unauthorized use of a motor vehicle. Prior to the plea hearing, the State moved to strike the robbery enhancement paragraph, and the trial court granted the motion to strike. On August 5, 2021, appellant made an "open plea" of guilty to the trial court on both offenses, and a punishment hearing was conducted. After hearing testimony and arguments from counsel, the trial court sentenced appellant to ten years' confinement for burglary of a habitation and fifteen months' confinement for unauthorized use of a motor vehicle. After setting punishment, the trial court asked, "Is there any legal reason why these sentences should not be imposed at this time?" Counsel for appellant responded, "No legal reason, Judge." Appellant was also assessed $290 in court costs in the unauthorized use of a motor vehicle case, and he was assessed $290 in court costs in the burglary of a habitation case. This appeal followed.

## Discussion

Appellant argues in his first issue that court costs should have been assessed in just one of the cases pursuant to Texas Code of Criminal Procedure article 102.073. The State agrees. Article 102.073 provides in pertinent part: "In a single criminal action in which a defendant is convicted of two or more offenses or of multiple counts of the same offense, the court may assess each court cost or fee only once against the defendant." TEX. CODE CRIM. PROC. art. 102.073(a). In this statute,

"single criminal action" means "allegations and evidence of more than one offense . . . [which] are presented in a single trial or plea proceeding[.]" *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.) (quoting *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995)); *see also Burton v. State*, No. 05-18-00608-CR, 2019 WL 3543580, at *3 (Tex. App.—Dallas Aug. 5, 2019, no pet.) (mem. op., not designated for publication). In such an action, "each court cost or fee the amount of which is determined according to the category of offense must be assessed using the highest category of offense that is possible based on the defendant's convictions." TEX. CODE CRIM. PROC. art. 102.073(b).

Here, appellant's burglary of a habitation (appellate cause number 05-21-00786-CR, trial cause number F-2061137-Q, second degree felony[1]) and unauthorized use of a motor vehicle offense (appellate cause number 05-21-00785-CR, trial cause number F-2056527-Q, state jail felony[2]) were presented in and disposed of in one plea proceeding. Thus, appellant was convicted of two offenses in a single criminal action, and court costs should have been assessed only once. Accordingly, we agree with the parties, and as we may modify the trial court's judgment to make the record speak the truth when we have the necessary information to do so,[3] we will reform the judgment in the unauthorized use of a motor vehicle

---

[1] *See* TEX. PENAL CODE § 30.02(c)(2).

[2] *See* TEX. PENAL CODE § 31.07(b).

[3] *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).

–3–

case to delete the court costs in that cause because court costs were assessed in the higher-degree burglary of a habitation case. *See Krenzer v. State*, No. 05-21-00444-CR, 2022 WL 17423464, at *9 (Tex. App.—Dallas Dec. 6, 2022, pet. ref'd) (mem. op., not designated for publication) ("Generally, the costs should be assessed in the case with the highest category offense . . . .").

In his second issue, appellant argues the trial court violated his common law right to allocution. "Allocution" refers to the trial court's asking a criminal defendant to speak in mitigation of the sentence to be imposed, but it has also "come to denote the accused person's speech in mitigation of the sentence, rather than the judge's address asking the accused to speak." *Eisen v. State*, 40 S.W.3d 628, 632 (Tex. App.—Waco 2001, pet. ref'd) (quoting *A Dictionary of Modern Legal Usage* 45 (Bryan A. Garner ed., 2nd ed., Oxford 1995)). Allocution is codified in current Texas law in article 42.07 of the code of criminal procedure. *Id*. Under that provision, "Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him." TEX. CODE CRIM. PROC. art. 42.07. The "only reasons" a sentence cannot be pronounced under the statute are that the defendant has received a pardon; the defendant is incompetent to stand trial; and, in the event of escape prior to sentencing and subsequent rearrest, if a question of identity needs to be decided by the fact finder. *See id*.

Appellant concedes that the trial court complied with article 42.07 by inquiring if there was any legal reason why the sentences should not be imposed, but he argues that the trial court erred "by failing to afford appellant an opportunity to exercise his common law right to allocution," which, he argues, is broader than statutory allocution.[4]  We observe that, "[f]ollowing the enactment of code of criminal procedure article 42.07, the questions of whether the statute encompassed the same scope as the former common-law practice, or, if not, whether the statute supplanted any potential broader reach of the common-law right remained unanswered." *Casselberry v. State*, No. 05-22-00014-CR, 2022 WL 14381667, at *2 (Tex. App.—Dallas Oct. 25, 2022, no pet.) (mem. op., not designated for publication).

Regardless, "[t]o complain on appeal of the denial of the right of allocution, whether statutory or one claimed under the common law, controlling precedent requires that a defendant timely object." *Id*.; *see also Gallegos–Perez v. State*, No. 05-16-00015-CR, 2016 WL 6519113, at *2 (Tex. App.—Dallas Nov. 1, 2016, no pet.) (mem. op., not designated for publication).  Here, appellant did not object to the denial of statutory or common law allocution.  He thus failed to preserve this issue for appeal.  Although appellant raised this complaint in a motion for new trial, "an appellant may raise a sentencing issue in a motion for new trial for the first time

---

[4] Appellant points to *Green v. United States*, 365 U.S. 301, 304 (1961).

only if the appellant did not have the opportunity to object in the punishment hearing." *Burt v. State*, 396 S.W.3d 574, 577 n.4 (Tex. Crim. App. 2013). Here, appellant had an opportunity to object in the punishment hearing to any denial of allocution; therefore, we conclude this issue is not preserved for our review. *See Loring v. State*, No. 05-18-00421-CR, 2019 WL 3282962, at *5 (Tex. App.—Dallas July 22, 2019, no pet.) (mem. op., not designated for publication) (concluding complaint that appellant was denied his common law right to allocution was not preserved for appellate review when first raised in motion for new trial). Accordingly, appellant's second issue is overruled.

Finally, appellant argues the sentences imposed by the trial court violate his rights under the enumerated objectives of the penal code. As a prerequisite to presenting a complaint for appellate review, the record must show the complaint was made to the trial court by a timely request, objection, or motion stating the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a). "This prerequisite applies to . . . a complaint that a sentence violates a defendant's rights under the objectives of the Texas Penal Code." *Hicks v. State*, No. 05-20-00614-CR, 2021 WL 3042672, at *2 (Tex. App.—Dallas July 19, 2021, no pet.) (mem. op., not designated for publication). Here, again, appellant did not object at the punishment hearing to the sentences on the basis that they violated his rights under the penal code. But, as above, appellant raised this complaint for the

first time in his motion for new trial. Again, we must conclude appellant had an opportunity to object to his sentences during the punishment hearing, and the motion for new trial thus did not preserve this complaint for our review. *See Burt v. State*, 396 S.W.3d at 577 n.4; *Nelson v. State*, No. 05-19-00290-CR, 2020 WL 1512488, at \*1 (Tex. App.—Dallas Mar. 30, 2020, no pet.) (mem. op., not designated for publication) (concluding complaint that sentence was violative of penal code's objectives was not preserved when raised for the first time in motion for new trial). Appellant's third issue is overruled.

## Conclusion

We modify the trial court's judgment in trial court cause number F-2056527-Q to remove "$290.00" from the space beneath "Court Costs" and insert "$0" in its place. As modified, we affirm the trial court's judgments.

/Ken Molberg/
KEN MOLBERG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
210785F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER ALLEN
JOHNSON, Appellant

No. 05-21-00785-CR V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2056527-Q.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **REMOVE** "$290" from the space beneath "Court Costs" and **INSERT** "$0" in its place.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered April 19, 2023



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER ALLEN
JOHNSON, Appellant

No. 05-21-00786-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-2061137-Q.
Opinion delivered by Justice
Molberg. Justices Partida-Kipness
and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered April 19, 2023