

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00029-CR

---

REGINALD REECE, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 21F0725-005

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

## MEMORANDUM OPINION

After the trial court sentenced Reginald Reece to thirteen years' confinement in prison on three state-jail felony theft convictions, it ordered the sentences to run consecutively. In a consolidated brief, Reece appeals, arguing that (1) the trial court abused its discretion when it ordered his sentences to run consecutively, rather than concurrently, and (2) the trial court did not award him the correct amount of jail-time credit. In addition to its response to Reece's points of error, the State presents a cross-point of error, maintaining, among other things, that Reece did not have a right of appeal because the "records did, and could not, contain certificates of . . . appeal" since, according to the State, Reece entered pleas of guilty in each case. For the reasons below, we affirm the trial court's judgment, as modified.

## I. Procedural Background in the Trial Court

This appeal involves three separate charges filed under three separate trial court cause numbers.[1] In trial court cause number 21F0725-005, the State charged Reece with theft of property valued at $2,500.00 or more but less than $30,000.00, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(A) (Supp.). The indictment alleged that Reece committed the charged offense in an area that had been declared a disaster area. *See* TEX. GOV'T CODE ANN. § 418.014. Furthermore, the State included two enhancement paragraphs alleging that prior to the charged offense, Reece had been convicted of aggravated assault and possession of a controlled substance.

---

[1]Reece also appeals a second conviction of theft of property in our cause number 06-24-00030-CR. Likewise, he appeals a third conviction of theft of property in our cause number 06-24-00031-CR. Because Reece raised identical issues in all three appeals, he filed a single, consolidated brief. Accordingly, this opinion addresses all of Reece's complaints as they relate to each of his convictions.

After pleading not guilty to the charge in 2022, a Bowie County jury convicted Reece of the charged offense, and he was sentenced to forty-five years' confinement in prison. Reece appealed, and on April 27, 2023, this Court affirmed Reece's conviction but reversed for what we found to be an illegal forty-five-year sentence. *Reece v. State*, 670 S.W.3d 353, 360 (Tex. App.—Texarkana 2023, no pet.). In our opinion, we explained that Reece's punishment enhancements increased his range of punishment to that of a second-degree felony, which carried a twenty-year maximum term of imprisonment and a fine not to exceed $10,000.00. *Id.* (citing Tex. Penal Code Ann. § 12.33). As a result, we remanded cause number 21F0725-005 to the trial court for a new punishment hearing. *Id.*

After remand to the trial court, Reece's sentence in cause number 21F0725-005 was included in a trial court proceeding that was combined with trial court cause numbers 20F0970-005 and 20F0292-005. In the latter two cases, Reece had been charged with two thefts, which were both state jail felonies punishable as second-degree felonies because of the State's punishment enhancement allegations.

Pursuant to a consolidated plea bargain with the State, Reece agreed to a thirteen-year sentence in cause number 21F0725-005 and to enter pleas of guilty to the theft charges in cause numbers 20F0292-005 and 20F0970-005. Reece also agreed to thirteen-year sentences in each of those cases, believing that, based on the terms of the parties' plea agreement, the trial court would order his three sentences to run concurrently. As a result, Reece would serve no more than a total of thirteen years in prison.

3

The trial court accepted the parties' agreement in regard to Reece's thirteen-year sentences, but it did not agree that Reece's sentences would run concurrently.[2] Instead, the trial court ordered that Reece would serve three consecutive thirteen-year sentences. Furthermore, the trial court determined that Reece had no right of appeal because his sentences were the result of a plea bargain between Reece and the State.

Reece filed timely motions for new trial, maintaining that the trial court erred when it ordered his thirteen-year sentences to run consecutively, directly contradicting the parties' plea agreement. The trial court denied Reece's motions in a written order.

## II.   Procedural Background in This Court

Regardless of the trial court's certification, Reece appealed, arguing, among other things, that the trial court erred when it ordered his sentences to run consecutively, instead of concurrently, as reflected in the parties' plea agreement.

After noticing a defect in the trial court's certification based on our reading of the record, we sent letters to the parties noting our concern. *See* TEX. R. APP. P. 37.1 ("If the appellate [court] determines that the . . . certification . . . is defective, the clerk must notify the parties . . . so that [the defect] can be remedied . . . ."). The parties were unable to resolve the matter, and this Court then involved the trial court by letter explaining the conundrum before us and also noting that if the parties did "not produce a valid certification," this Court might be required to "order the trial court to provide one." *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App.

---

[2]At the time of the hearing, Reece had two additional charges pending against him. As a part of their plea bargain, the parties agreed that the two additional charges would be considered in Reece's punishment on the three theft charges at issue.

4

2005) (citing Tᴇx. R. Aᴘᴘ. P. 34.5(c)). Our efforts to obtain a corrected certification were of no avail.

Rather than addressing Reece's points on the merits, on December 17, 2024, this Court dismissed Reece's appeals in this cause number and in cause numbers 06-24-00030-CR and 06-24-00031-CR based on the trial court's certifications, which it did not change. *See* Tᴇx. R. Aᴘᴘ. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.").

On January 21, 2025, Reece filed a motion for rehearing asking this Court to address the trial court's denial of his right to appeal his three convictions. After requesting and receiving a response from the State, on March 18, 2025, we granted Reece's motion for rehearing, withdrew our opinion dismissing his appeals, and granted oral argument in this matter.

## III. Discussion

### A. The State's Cross-Point of Error

In its cross-point of error, the State argues that Reece did not have a right of appeal because the "records did, and could not, contain certificates of . . . appeal."

In *Dears*, the Texas Court of Criminal Appeals explained that "[a]ppellate jurisdiction is invoked by giving timely and proper notice of appeal," not by certifications, which were not even required until 2003. *Dears*, 154 S.W.3d at 612–13. Therefore, the purpose of a certification is not to *give* jurisdiction to an appellate court. Instead, "[t]he purpose of the certification requirement is to efficiently sort appealable cases from non-appealable cases" and

5

not to bar meritorious appeals. *Greenwell v. Ct. of Appeals for Thirteenth Jud. Dist.*, 159 S.W.3d 645, 649 (Tex. Crim. App. 2005).

Here, the State argues that the trial court's written certifications prohibiting Reece from appealing his theft convictions were not defective because Reece entered valid pleas of guilty in each case pursuant to the parties' agreement. In support of its position, the State directs us to *Young v. State*, 8 S.W.3d 656 (Tex. Crim. App. 2000). In *Young*, the Texas Court of Criminal Appeals explained,

> Whether entered with or without an agreed recommendation of punishment by the State, a valid plea of guilty or nolo contendere "waives" or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error. In addition, if the appeal is from a judgment rendered on the defendant's plea of guilty or nolo contendere under Code of Criminal Procedure article 1.15, *and the punishment assessed did not exceed the punishment* recommended by the prosecutor and *agreed to by the defendant*, the substance of the appeal must have been raised by written motion and ruled on before trial (unless the appeal is for a jurisdictional defect or the trial court granted permission to appeal).

*Id.* at 666–67 (emphasis added) (footnote omitted) (citation omitted).

In any case, properly or improperly labeled as a plea bargain, "we review the record to determine: (1) our jurisdiction; and (2) whether the trial court's certification is correct." *Ernst v. State*, 159 S.W.3d 668, 670 (Tex. App.—Corpus Christi–Edinburg 2005, no pet.) (citing *Dears*, 154 S.W.3d at 612–13). When we receive a certification, we have a duty "to compare the certification to the record." *Dears*, 154 S.W.3d at 615. A certification is defective when it is "prove[d] to be inaccurate" "when compared with the record before the court." *Id.* at 614; *see Marsh v. State*, 444 S.W.3d 654, 659 (Tex. Crim. App. 2014).

6

In such a circumstance, we have "a right to order the trial court to produce an amended certification that corrects the defective one." *Marsh*, 444 S.W.3d at 659. Even so, the Texas Court of Criminal Appeals has also determined that an appellate court "overstep[s] its authority by prescribing exactly what the new certification should say." *Id.* With that understanding, we requested new certifications from the trial court but did not inform the trial court what the new certifications should say. In return, we received similar certifications as the original ones, which denied Reece's right of appeal. Because the trial court did not provide us with the correct certifications, this Court was faced with an unusual set of circumstances.

Article 44.02 of the Texas Code of Criminal Procedure establishes Reece's right of appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02.[3] A party only waives that right if the trial court's punishment did not exceed the prosecutor's recommendation and it is agreed to by the defendant. *See id.* Those two requirements are at the very heart of this appeal. With that in mind, we were left with only two options—to obtain a proper certification from the trial court or to proceed with Reece's appeals without one. In our view, the trial court's defective certifications did not trump Reece's right of appeal under these specific circumstances. On that basis, we will proceed to address the merits of Reece's appellate complaints.

---

[3]Article 44.02 states,

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

TEX. CODE CRIM. PROC. ANN. art. 44.02.

7

## B. Preservation of Error

According to the State, Reece failed to preserve his sentencing issue for our review because he did not first bring it to the trial court's attention.[4] We disagree.

To preserve an error for appellate review, the complaining party must present a timely objection to the trial court, state the specific reason for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). In general, an appellant may not complain of an error regarding his sentence or punishment if he failed to object or otherwise raise error in the trial court. In *Null v. State*, the Texas Court of Criminal Appeals explained,

> Preservation of error is governed by Rule 33.1 of the Texas Rules of Appellate Procedure. TEX. R. APP. P. 33.1. Under this rule, a party cannot present a complaint for appellate review unless the record shows that the party made a timely objection or motion stating the grounds for the requested ruling, unless the ground [sic] were apparent from the context. *Id.* [at] 33.1(a)(1)(A). The party must also obtain a ruling from the trial court or object to the trial court's refusal to rule on the objection or motion. *Id.* at 33.1(a)(2). "The purpose for requiring a timely, specific objection is twofold: (1) it informs the judge of the basis of the objection and affords him an opportunity to rule on it[;] and (2) it affords opposing counsel an opportunity to respond to the complaint." *Williams v. State*, 662 S.W.3d 452, 460 (Tex. Crim. App. 2021) (quoting *Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015)).

*Null v. State*, 690 S.W.3d 305, 318 (Tex. Crim. App. 2024) (second alteration in original).

Contrary to the State's contention, Reece did, in fact, preserve this issue for appellate review. When the trial court informed Reece near the end of the hearing that it had "stack[ed]" his sentences, Reece objected, arguing that he had not agreed to "stack[ed]" sentences and,

---

[4]In the alternative, the State argues that Reece failed to show in his motion for rehearing that his cases were subject to the "*Rankin/Young* exception" to the waiver rule, and consequently, he was prohibited from submitting his complaint for our review. *See Carson v. State*, 559 S.W.3d 489, 496 (Tex. Crim. App. 2018). Because we find that Reece preserved his complaints for our review for the reasons stated herein, we find that it is unnecessary to address the State's alternative argument.

therefore, his sentences were illegal. Other than to say "[o]kay," the trial court did not respond to Reece's objection.

But, on February 16, 2024, Reece filed a timely[5] "Motion to Delete Void Cumulation Order/Motion for New Trial on Punishment" in each of his cases, arguing that the trial court erred when it ordered his sentences to run consecutively, and not concurrently. In his motion, Reece "let the trial judge know what he want[ed], why he [thought] himself entitled to it, and [he did] so clearly enough for the judge to understand him at a time when the trial court [was] in a proper position to do something about it." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). On February 23, 2024, the trial court denied Reece's motion for new trial in a written order.

Accordingly, we find that Reece preserved his point of error for this Court's review.

**C.      The Parties Entered into a Plea Bargain**

As he understood it, Reece believed that the parties had come to an agreement in which he would receive three thirteen-year sentences and that those sentences would run concurrently. The State concedes that it did, in fact, have an agreement with Reece in regard to the length of his sentences, but it contends that it did not agree to concurrent sentences. Instead, the State maintains that it agreed to make a *recommendation* to the trial court that included concurrent sentences.

The Texas Court of Criminal Appeals has defined plea bargaining as:

---

[5]According to Rule 21.6 of the Texas Rules of Appellate Procedure, "The defendant must present the motion for new trial to the trial court within 10 days of filing it, unless the trial court in its discretion permits it to be presented and heard within 75 days from the date when the court imposes or suspends sentence in open court." TEX. R. APP. P. 21.6. Reece filed his motion on February 16, 2024, and the trial court denied it on February 23, 2024, which was well within the time period set out in Rule 21.6. *See id.*

9

"Plea bargaining is a process which implies a preconviction bargain between the State and the accused whereby the accused agrees to plead guilty or nolo contendere in exchange for a reduction in the charge, a promise of sentencing leniency, a promise of **a recommendation from the prosecutor** to the trial judge as to punishment, or some other concession by the prosecutor that he will not seek to have the trial judge invoke his full, maximum implementation of the conviction and sentencing authority he has." . . . [I]t is the process where a defendant who is accused of a particular criminal offense, and his attorney, if he has one, and the prosecutor enter into an agreement which provides that the trial on that particular charge not occur or that it will be disposed of pursuant to the agreement between the parties, subject to the approval of the trial judge. . . . "[P]lea bargaining is the process by which the defendant in a criminal case relinquishes his right to go to trial in exchange for a reduction in charge and/or sentence."

*Perkins v. Ct. of Appeals for Third Supreme Jud. Dist. of Tex., at Austin*, 738 S.W.2d 276, 282 (Tex. Crim. App. 1987) (orig. proceeding) (emphasis added).

"A plea bargain agreement is a contract between the State and the defendant." *State v. Hatter*, 707 S.W.3d 429, 436 (Tex. Crim. App. 2025). "As such, general contract law principles govern and appellate courts look to any written agreement as well as the record to determine the terms of a plea agreement." *Id.* As the Texas Court of Criminal Appeals has explained,

[I]t is clear that the plea bargain process requires (1) that an offer be made or promised, (2) by an agent of the State in authority, (3) to promise a recommendation of sentence or some other concession such as a reduced charge in the case, (4) subject to the approval of the trial judge.

*Wayne v. State*, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988).

Accordingly, this Court must review the entire trial court record to determine whether the parties had a plea bargain in regard to concurrent sentencing and, if so, whether the trial court approved of its terms.

### 1. The Plea Documents

The parties' agreement in this case was memorialized in the State's standardized agreed-punishment recommendations, which stated, in part, that the State would recommend to the trial court that Reece's punishment be assessed at thirteen years' confinement in prison. But, in all three of Reece's cases, there is a handwritten note at the top of each of the agreed-punishment recommendations stating that the thirteen-year sentences were to run "concurrently." That document was signed by the prosecutor, Reece, and Reece's attorney. Moreover, in the section below the signatures, there is a specific place for the parties to include "non-binding terms and conditions." Here, the parties did not include any language that they considered non-binding in the parties' plea agreement.

The trial court's written plea admonishments stated,

> If a plea bargain exists, the Court will inform you if it will not follow the agreement in open court and before any finding on your plea. Should the Court reject the agreement, you will be permitted to withdraw your plea if you desire. **Only the Court will decide whether a case runs concurrently or consecutively with another case.**

### 2. The Plea Hearing

During the plea hearing, a complication arose when the State announced in open court that it was recommending concurrent sentences but that it was "not part of the agreement." That appeared to take Reece by surprise.

> THE COURT: All right. Mr. Reece, I've been informed that somehow y'all've reached some plea agreements.
>
> [COUNSEL FOR REECE]: Yes, Your Honor. May I approach?
>
> . . . .

11

THE COURT: All right. You've put as part of the -- I guess as part of the agreement that they're to run concurrently.

[THE STATE]: That's the state's recommendation, not part of the agreement, Your Honor.

[BY REECE]: Oh.

[COUNSEL FOR REECE]: Right. It's been fully explained to my client that that is the recommendation, yes.

[BY REECE]: So this is not a plea bargain? I'm --. Hold on, hold on.

THE COURT: It's not a plea bargain with me.

[BY REECE]: So --

[COUNSEL FOR REECE]: And, of course, I have explained that to him as it is part of the plea paperwork, I read it to him word-for-word on that provision.

THE COURT: I'm just trying to make sure that y'all have not agreed for concurrent.

[THE STATE]: No, sir.

[COUNSEL FOR REECE]: Have not agreed for concurrent, just agreed to recommend that they run concurrent.

THE COURT: Okay.

[BY REECE]: So I --. What's the difference in recommending --

THE COURT: If your agreement --. Let me just be clear. If your agreement is that they're all going to run concurrently, I'm going to reject them right now.

[BY REECE]: Well, yeah. Let's stay with it.

THE COURT: And that's fine, --

12

[BY REECE]:  Well, let's stay --

THE COURT:  -- if that's what you want to do.

[BY REECE]:  -- where we at.  Let's just calm down.  Just -- .
Let's go.  Let's go with it.  Let's go with it.

THE COURT:  Do you want to proceed?

[COUNSEL FOR REECE]:  Yes, Your Honor.

THE COURT:  All right.  All right, Mr. Reece.  It is my
understanding with regard to Cause No. 21F0725, 20F0970, 20F0292 that you
intend to enter pleas on all three of those charges.  Is that correct?

[BY REECE]:  Yes, sir.

**(3)     Analysis**

The record shows that both parties informed the trial court that concurrent sentencing was only a recommendation and not a part of their plea bargain.  Yet, a plea agreement is an offer made by the State to a defendant promising to make a *recommendation* to the trial court in regard to his prison sentence.  *Wayne*, 756 S.W.2d at 728.  Furthermore, an agreement between the parties to permit multiple sentences to run concurrently, rather than leave it to the trial court's discretion to order consecutive sentences, amounts to an agreed plea bargain.  *See State v. Moore*, 240 S.W.3d 248, 250 (Tex. Crim. App. 2007) ("It is safe to conclude that plea agreements may contain a variety of stipulations and assurances, depending on the desires of the State and the defendant."); *Jalufka v. State*, Nos. 09-16-00221-CR, 09-16-00222-CR, 09-16-00223-CR, 2017 WL 1434268, *3 (Tex. App.—Beaumont Apr. 19, 2017, no pet.) (mem. op., not designated for publication).

13

In *Saldana v. State*, 161 S.W.3d 763 (Tex. App.—Beaumont 2005, no pet.), the Beaumont Court of Appeals explained,

> The record reflects Saldana pleaded guilty in exchange for the dismissal of five causes against him, and for the sentences to run concurrently with two other causes. At the time Saldana entered his guilty pleas, the State introduced an "Agreed Punishment *Recommendation*," signed by the State, Saldana and Saldana's counsel, wherein it was mutually agreed that in consideration for Saldana's guilty pleas to three separate causes, the State would dismiss five other causes against him and further, the State would *recommend* to the trial court that the sentences in the causes to which Saldana agreed to plead guilty would run concurrently. This constitutes a plea bargain as contemplated by Tex. R. App. P. 25.2(a)(2). *See Wayne*[, 756 S.W.2d at 728].

*Saldana*, 161 S.W.3d at 764 (emphasis added).

Here, the State's recommendation of concurrent sentencing was part and parcel of the parties' entire plea agreement. Furthermore, a plea agreement is always a "recommendation" to the trial court and nothing more. That not only applies to the length of a defendant's sentence, but also to the manner in which a defendant's sentences are to be served—*concurrently or consecutively*—and to any other detail the parties agreed upon or, as in this case, agreed to "recommend." *See Ex parte McJunkins*, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997) (orig. proceeding).

We therefore find that when the State agreed with Reece to recommend concurrent sentencing to the trial court, that proviso was part and parcel of the parties' plea bargain.

### D.     The Trial Court Rejected the Parties' Plea Agreement

"When presented with a plea bargain, the [trial] court has the right to accept or reject it; however, it may not hold the defendant to his plea of guilty while rejecting the benefit the defendant was to receive." *Ortiz v. State*, 885 S.W.2d 271, 273 (Tex. App.—Corpus Christi–

Edinburg 1994), *aff'd*, 933 S.W.2d 102 (Tex. Crim. App. 1996). Because a plea agreement is solely between the State and the defendant, only those parties may alter the terms of the agreement; "the trial court commits error if it unilaterally adds un-negotiated terms to a plea-bargain agreement." *Moore v. State*, 295 S.W.3d 329, 332 (Tex. Crim App. 2009).

Here, the "Agreed State's Punishment Recommendations" unequivocally shows that the State agreed to concurrent sentences in exchange for Reece's pleas of guilty and the imposition of thirteen-year sentences. Upon learning of the State's recommendation, the trial court rejected the plea bargain, stating, "Let me just be clear. If your agreement is that they're all going to run concurrently, I'm going to reject them right now." The trial court's rejection of the plea agreement was further substantiated when the trial court ordered that Reece's sentences were "stack[ed]."

We, therefore, find that the trial court rejected the express terms of the State's recommendation of concurrent sentences by ordering Reece's sentences to run consecutively, effectively sentencing Reece to a thirty-nine-year prison term instead of a term of thirteen years.

### E.    Reece's Right to Withdraw His Pleas

"If the trial court rejects an agreement reached by the parties, the defendant shall be permitted to withdraw his or her plea of guilty." *Hatter*, 707 S.W.3d at 437. At that time, the State also has the opportunity to withdraw its offer. *Moore*, 295 S.W.3d at 332.

> [T]he trial court commits reversible error by making any finding on said guilty or nolo plea without *first* informing the defendant whether the court accepts or rejects the said negotiated punishment recommendation *and then* affirmatively inquiring as to whether or not the defendant wishes to withdraw his plea of guilty or nolo contendere if the trial court rejects said punishment recommendation.

15

*Papillion v. State*, 908 S.W.2d 621, 624 (Tex. App.—Beaumont 1995, no pet.).  "In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."  TEX. CODE CRIM. PROC. ANN. art. 26.13(c) (Supp.).  "Except as provided by Subsection (d-1), the court may make the admonishments required by this article either orally or in writing."  TEX. CODE CRIM. PROC. ANN. art. 26.13(d) (Supp.).

Here, when the trial court refused to accept the State's recommendation that Reece's three sentences run concurrently, it was required to give Reece the opportunity to withdraw his agreement with the State.  As noted above, the plea paperwork signed by Reece prior to the hearing contained language that stated, "Should the Court reject the agreement, you will be permitted to withdraw your plea if you desire."

But when the trial court informed Reece that it was going to reject the plea agreement if part of the agreement included concurrent sentencing, Reece replied, "Let's stay with it," to which the trial court said, "[I]f that's what you want to do."  Reece continued, "[W]here we at. Let's just calm down. Just --.  Let's go.  Let's go with it.  Let's go with it."  The trial court asked Reece's counsel if she wanted to proceed.  She answered affirmatively.

Later in the hearing, the trial court again asked Reece if he understood that the court did not have to accept the parties' sentencing agreement.  Again, Reece responded, "I -- .  Yes, sir." The trial court emphasized that if it chose to refuse the parties' agreement, it could sentence him "up to the full twenty years" on each conviction.  Reece said that he had not been informed of

that information, to which the trial court responded, "Okay. Well, I'm explaining it to you now. If I do that, you will have a right to appeal this sentencing." Reece responded, "Okay."

Next, the trial court explained to Reece that if he accepted the State's plea offer and was sentenced in accordance with it, he would have no right of appeal. Reece indicated that he was aware of that. The trial court went through several rights that Reece would be waiving if he continued with the plea, including his right to remain silent and his right to a jury trial. The trial court also asked Reece if he had any mental conditions, to which Reece indicated that he did not, and then stated, "Let's go with it, Judge. Let's go. Let's ride with it." Then the trial court specifically admonished Reece that if he went forward with his plea, he would be "waiving the right to have a brand-new jury hear the evidence and have a brand-new jury make a determination of sentencing on this case." One last time, the trial court asked Reece, "And you're wanting to go forward and have the Court do that?" Reece answered, "Absolutely."

At that point, Reece's counsel indicated there was no reason to discontinue the plea proceedings, the State did the same, and Reece had no objections. After that, the trial court sentenced Reece to thirteen years in prison in cause number 21F0725-005. It then went through several more findings and ordered that Reece make restitution to the victim and pay court costs. The trial court then addressed the theft charges contained in cause numbers 20F0292-005 and 20F0970-005. After the trial court's admonishments, Reece pled guilty to the theft charges and true to the enhancement paragraphs, and the trial court found Reece guilty on each charge.

Based on our review of the record, we find that the trial court adequately admonished Reece of his right to withdraw his pleas in the event it refused to accept the State's

17

recommendation of concurrent sentencing. We also find that even after the trial court adequately admonished him, Reece chose to go forward with an open plea.

## F. Same Criminal Episode and Single Criminal Action

Reece maintains that because he was convicted of three offenses that arose from the same criminal episode and was prosecuted in a single criminal action that did not involve a statutorily excluded offense, the trial court had no choice but to run his sentences concurrently.

### 1. Applicable Law and Standard of Review

Neither the defendant, nor the State, nor the trial court, nor the court of appeals may disregard "the legislative mandate requiring [the trial court to order] sentences arising from the same criminal episode to run concurrently." *Drain v. State*, 540 S.W.3d 637, 642 (Tex. App.—Amarillo 2018, no pet.) (citing *Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (orig. proceeding) (finding that"[a]n improper cumulation order may be remedied by reformation on appeal or, in the proper circumstance, a judgment *nunc pro tunc*")).

In general, the trial court is given discretion to order sentences to run consecutively or concurrently:

> [I]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence . . . shall begin when the judgment and the sentence . . . in the preceding conviction has ceased to operate, or that the sentence . . . shall run concurrently with the other case or cases.

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Supp.);[6] *Malone v. State*, 163 S.W.3d 785, 803 (Tex. App.—Texarkana 2005, pet. ref'd). In light of the discretion granted to the trial court by Article

---

[6]Article 42.08(a) of the Texas Code of Criminal Procedure provides, in relevant part:

18

42.08(a), we review a complaint regarding consecutive sentencing for an abuse of discretion,

which has been described as follows:

> [A]n abuse of discretion generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing. In short, so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences.

*Nicholas v. State*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)

(footnotes omitted) (citations omitted).

Section 3.03(a) of the Texas Penal Code limits the trial court's ability to order sentences

to run consecutively:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which the accused has been found guilty shall be pronounced. Except as provided by this section, the sentences shall run concurrently.

TEX. PENAL CODE ANN. § 3.03(a) (Supp.). The Legislature has defined a "criminal episode" as

> the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> > (1)    the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

---

When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. . . . [I]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases . . . .

TEX. CODE CRIM. PROC. ANN. art 42.08(a).

> (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01. Thus, under a specific set of circumstances, the trial court loses its discretion to run a defendant's sentences consecutively.

### 2. Same Criminal Episode

According to Reece, the three theft charges were the same or similar offenses and, as such, they met the definition of "same criminal episode." We agree.

In trial court cause number 21F0725-005, the State charged Reece with theft of property with the aggregate value of $2,500.00 or more but less than $30,000.00. Specifically, the State alleged that on August 23, 2020, through August 24, 2020, pursuant to one scheme or continuing course of conduct, Reece acquired or exercised control over "<u>generators, chainsaws, and ammunition</u>" from the owner, Atwood's Ranch and Home. Furthermore, the State alleged that Reece committed the offense in an area that was subject to a declaration of a state of disaster.

In trial court cause number 20F0970-005, the State alleged that on August 1, 2020, Reece committed the offense of theft when he exercised control over a television from the owner, Walmart, with the value of less than $2,500.00.

In trial court cause number 20F0292-005, the State alleged that on February 18, 2020, Reece committed the offense of theft when he exercised control over ammunition that was owned by Academy Sports + Outdoors, with the value of less than $2,500.00.

Reece's convictions resulted from three theft offenses, all of which were alleged to have occurred in 2020, and two of those three were alleged to have occurred in the same month. Furthermore, all three thefts were committed in retail stores, and two of them were the same

class of offense, that is, the property was valued at less than $2,500.00. Clearly, Reece was charged with, and convicted of, "the same or similar offenses." *See id.* As a result, the three theft offenses fell neatly within the category of the "same criminal episode."

### 3. Single Criminal Action

In addition, Reece argues that his cases were disposed of in a "single criminal action." The Texas Court of Criminal Appeals has held

> that a defendant is prosecuted in a "single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode, as that term is defined in Chapter 3, are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply.

*LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992), *overruled in part on other grounds by Ex parte Carter*, 521 S.W.3d at 347 (finding "sentences subject to an improper cumulation order are [not] 'void'"). Accordingly, we must review the manner in which the trial court disposed of Reece's cases.

Here, after the trial court called cause number 21F0725-005, Reece was duly sworn-in to testify. The trial court first verified with Reece that he had already been tried by a jury, found guilty, and sentenced "somewhere in the forties." Reece agreed to the trial court's recitation. It then recapped the entire procedural history of the case, including the fact that he had appealed his case and that this Court remanded it to the trial court to address the issue of punishment only. Reece agreed that the trial court had given the correct version of events and that he was aware of the fact that he was in court for sentencing in that cause. The trial court also went over the admonishments contained in written documents that contained Reece's signature. After fully

21

admonishing Reece, the trial court found that Reece was competent and was a United States citizen and asked him if he still wanted to go forward with sentencing in his case. Reece responded, "Absolutely." The trial court then found, among other things, that Reece had waived his right to a jury trial and that he was knowingly and intelligently submitting the punishment decision to the trial court. "The Court's going to sentence you to thirteen years TDCJ with regard to this charge." It also ordered that Reece would be given credit for the time he served in jail while awaiting trial. Next, it made a finding that the jury had previously found that the enhancements contained in the State's indictment were true. The trial court then addressed the issues of court costs and restitution. Lastly, the trial court stated, "That's going to be the sentence of the Court with regard to Cause No. 21F0725-005."

The trial court then stated that it was "going to call 20F0292-005." Once again, Reece was sworn in. The trial court went over Reece's theft charge and that it was a state jail felony with a habitual offender enhancement. The trial court informed Reece of the punishment range and asked him whether he understood, to which he answered, "Yes, sir." The trial court gave the necessary admonishments to Reece and then stated,

> All right. Based upon your demeanor in the courtroom, your ability to answer my questions, as well as hearings that you've had in front of the Court, and previous encounters as well as the whole prior trial, the Court's going to find that you are competent to proceed. Therefore, with regard to Cause No. 20F0292-005 with regard to the charge of theft with two prior convictions, enhancement of habitual offender, how do you plea[d]?

Reece responded, "I'm guilty, sir." The trial court followed by asking Reece if he was entering his plea "freely and voluntarily," to which he said, "Yes, sir, I am." Reece was asked about the enhancement paragraphs in the State's indictment against him, and when asked whether the

allegations were true or not true, Reece said, "Yes, sir, that's true." The State then offered State's exhibit 1 and a discovery log and, over no objection, the trial court admitted them into evidence. The trial court continued, "With regard to Cause No. 20F0292-005, the Court's going to find that sufficient evidence has been admitted in that cause along with your plea of guilty to substantiate the charge. The Court is going to find you guilty. The Court's going to order that you pay court costs." It also ordered Reece to pay restitution in the amount of $635.74. The trial court did not, however, sentence Reece to thirteen years in prison before moving on to the hearing in trial court cause number 20F0970-005.

After calling cause number 20F0970-005, the trial court informed Reece of the punishment range and asked him whether he had an opportunity to review with his attorney the admonishments contained in the plea documents, to which Reece said, "I did, sir." The trial court advised Reece of the rights that he would forfeit if he pled guilty to the charge. Reece indicated that he understood his rights and that he was aware of the consequences of a guilty plea. Reece pled guilty to the charged-offense and true to the two enhancement paragraphs. The State offered exhibit 1 and a discovery log, which the trial court admitted without objection. The trial court accepted Reece's guilty plea, found him guilty, and then sentenced him to thirteen years' confinement in prison. The trial court also ordered Reece to pay restitution in the amount of $998.00.

After addressing each of the three cases, the trial court stated—as it had repeatedly warned Reece—that it was going to order all these matters run consecutively. The trial court

23

continued, "The Court's going to order 725 run first, the Court's going to order that [292] run second, and that 970 run third."[7]

Citing *Ex parte Pharr*, the State maintains that Reece's theft cases were not prosecuted in a single criminal action. *See Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995) (per curiam) (orig. proceeding). In that case, Pharr filed a habeas petition arguing that the trial court improperly cumulated his sentences for two capital murder convictions because the offenses arose out of the "same criminal episode" and were prosecuted "in the same criminal action." *Id.* The Texas Court of Criminal Appeals determined that because Pharr's guilty pleas followed one another, he was not prosecuted "in a single criminal action." *Id.* The Court explained as follows:

> Here, the statement of facts shows that in cause number 7760 applicant pleaded guilty, was admonished, was found guilty, and was sentenced. Immediately thereafter, in cause number 7761 applicant pleaded guilty, was admonished, was found guilty, and was sentenced. The record supports the trial court's finding that

---

[7]At that point, the following exchange took place:

[BY REECE]: What?

THE COURT: 292. The Court's stacking them, Mr. Reece.

[BY REECE]: Oh, man.

THE COURT: If you'll step over here, he's going to take your thumbprint for the judgment.

[BY REECE]: These theft charges, right?

THE COURT: Thirteen years. What do you mean? You're sentenced -- . I'm accepting the plea agreement on all three for thirteen years, but I'm stacking them.

[COUNSEL FOR REECE]: And just to clarify, the other two charges are considered and dismissed.

[THE STATE]: The [S]tate's going to consider 20F0364 and 20F1029-005.

24

applicant was not tried in a single criminal action. The cumulation order did not violate Section 3.03.

*Id.*

But, twenty-one years later, the Waco Court of Appeals found that a "single criminal action" occurs when "allegations and evidence of more than one offense . . . are presented in a single trial or plea proceeding." *Hurlburt v. State*, 506 S.W.3d 199, 203 (Tex. App.—Waco 2016, no pet.) (quoting *Ex parte Pharr*, 897 S.W.2d at 796). Moreover, five years after the Waco Court of Appeals's decision in *Hurlburt*, the Texas Court of Criminal Appeals explained what constitutes a "single criminal action." *Middleton v. State*, 634 S.W.3d 46, 50 (Tex. Crim. App. 2021) (citing *LaPorte*, 840 S.W.2d at 414). In *Middleton*, the Court explained, "A plea proceeding is not complete until the punishment is assessed, so even if pleas are taken separately, a consolidated punishment hearing on two separate offenses will cause them to be prosecuted in a single criminal action." *Id.* (citing *Robbins v. State*, 914 S.W.2d 582, 583–84 (Tex. Crim. App. 1996) (per curiam)). In other words, for purposes of cumulation, "a conviction occurs [only] when a sentence is *either* imposed or suspended." *Barela v. State*, 180 S.W.3d 145, 148 (Tex. Crim. App. 2005).

The record shows that the trial court began, and then concluded, with the sentencing hearing in trial cause number 21F0725-005 before moving on to the plea and sentencing hearing in 20F0292-005. The same cannot be said in regard to the trial court's disposition of cause numbers 20F0292-005 and 20F0970-005. This is so because the trial court began the hearing in trial court cause number 20F0970-005 without sentencing Reece to thirteen years' confinement in prison in trial court cause number 20F0292-005. Also, the trial court did not address the

25

manner in which Reece would serve the thirteen-year sentences until it concluded the hearings in 21F0725-005, 20F0292-005, and 20F0970-005. Further amalgamating the process, the trial court did not speak to the dispositions of cause numbers 20F0364-005 and 20F1029-005 until the end of the proceeding when Reece reminded the trial court that those two cases were to be considered in the punishment of the first three cases and dismissed.

We therefore find that (1) the trial court conducted the sentencing hearing in 21F0725-005 in a single criminal action, and (2) the trial court conducted cause numbers 20F0292-005 and 20F0970-005 in a single criminal action. Accordingly, the trial court was required to run Reece's sentences in cause numbers 20F0292-005 and 20F0970-005 concurrently, not consecutively.

As a result, we sustain Reece's point of error, in part.

### G.    Jail-Time Credit

According to Reece, the trial court did not give him the correct amount of credit for the time he served in jail (jail-time credit) awaiting trial in cause numbers 20F0292-005[8] and 20F0970-005.[9] Specifically, Reece maintains that he should have received 1,269 days of pre-sentence, jail-time credit in trial court cause number 20F0970-005, instead of the fifty-nine days credit as shown in the trial court's amended judgment of conviction. In addition, Reece contends that he should have been given 1,301 days of jail-time credit in trial court cause number 20F0292-005, instead of the 749 days shown in the trial court's judgment of conviction.

---

[8]Appellate court cause number 06-24-00031-CR.

[9]Appellate court cause number 06-24-00030-CR.

However, the trial court entered an amended judgment of conviction on February 23, 2024, giving Reece forty-two days of jail-time credit in trial court cause number 20F0292-005, not 749 days. Due to the alleged errors, Reece asks this Court to reform the trial court's judgment in both cases to reflect the correct amount of jail-time credit that he was owed.

An accused shall be credited "for the time that the defendant has spent . . . in jail for the case . . . from the time of his arrest and confinement until his sentence by the trial court." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (Supp.). "Pre-sentence time credit claims typically must be raised by a motion for judgment *nunc pro tunc* filed with the clerk of the convicting trial court." *Ex parte Florence*, 319 S.W.3d 695, 696 (Tex. Crim. App. 2010) (per curiam) (orig. proceeding). "If the trial court denies the motion for judgment *nunc pro tunc* or fails to respond, relief may be sought by filing an application for writ of mandamus in a court of appeals." *Id.*

Reece did not provide the Court with a reason as to why he believes the trial court gave him the incorrect amount of jail-time credit. Likewise, he does not argue that the dates contained in the trial court's judgments are incorrect. Moreover, Reece did not provide the Court with anything other than the trial court's two amended judgments in which to determine the correct amount of jail-time credit he should have received.

In trial court cause number 20F0970-005, the trial court awarded Reece jail-time credit from August 1, 2020, through August 3, 2020, and from December 11, 2023, through February 5, 2024, which amounted to fifty-nine days. In cause number 20F0292-005, the trial court gave Reece jail-time credit from February 20, 2020, through February 21, 2020, and from December 27, 2023, through February 5, 2024, which amounted to forty-two days. "This Court

27

has the power to correct and modify the judgment of the trial court for accuracy *when the necessary data and information are part of the record*." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (emphasis added) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)). Upon reviewing the dates contained in the amended judgments, which is the only "data" or "information" we have, it appears that the trial court gave Reece the correct amount of jail-time credit in both cases.

We overrule Reece's point of error.

## IV. Conclusion

Because the trial court partially erred when it cumulated Reece's sentences, we sustain, in part, Reece's point of error pertaining to his cumulated sentences.

### A. Trial Court Cause Number 21F0725-005

We modify the trial court's judgment in cause number 21F0725-005 by deleting the word "CONSECUTIVELY" from the "THIS SENTENCE SHALL RUN:" section and modifying that section to state, "THIS SENTENCE SHALL RUN: BEFORE ANY SENTENCES IN TRIAL COURT CAUSE NUMBERS 20F0292-005 AND 20F0970-005." Further, we modify the judgment in trial court cause number 21F0725-005 to reflect the statute of offense as Section 31.03(e)(4)(A) of the Texas Penal Code.[10]

---

[10]The trial court's judgment of conviction incorrectly lists the statute of offense as Section 31.03(e)(4)(D) of the Texas Penal Code. The correct statute is Section 31.03(e)(4)(A) of the Texas Penal Code. "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony*, 531 S.W.3d at 743 (citing TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27). As a result, we modify the trial court's judgment to reflect the proper statute of offense.

28

**B.     Trial Court Cause Number 20F0970-005**

We modify the trial court's judgment in trial court cause number 20F0970-005 by deleting the word "CONSECUTIVELY" from the "THIS SENTENCE SHALL RUN:" section and modifying that section to state, "THIS SENTENCE SHALL RUN:  AFTER REECE HAS SERVED HIS THIRTEEN-YEAR SENTENCE IN TRIAL COURT CAUSE NUMBER 21F0725-005; THIS SENTENCE SHALL RUN CONCURRENTLY WITH REECE'S SENTENCE IN TRIAL COURT CAUSE NUMBER 20F0292-005."

**C.     Trial Court Cause Number 20F0292-005**

We modify the trial court's judgment in trial court cause number 20F0292-005 by deleting the word "CONSECUTIVELY" from the "THIS SENTENCE SHALL RUN:" section and modifying that section to state, "THIS SENTENCE SHALL RUN:  AFTER REECE HAS SERVED HIS THIRTEEN-YEAR SENTENCE IN TRIAL COURT CAUSE NUMBER 21F0725-005; THIS SENTENCE SHALL RUN CONCURRENTLY WITH REECE'S SENTENCE IN TRIAL COURT CAUSE NUMBER 20F0970-005."

We affirm the trial court's judgments, as modified.


Scott E. Stevens
Chief Justice

Date Submitted:     July 9, 2025
Date Decided:       February 13, 2026

Do Not Publish

29